UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| REYES LOPEZ and ELPIDIA LOPEZ ) | Bankruptcy No. 09 B 28498 |
|     Debtor. ) | |
| ) | |
| REYES LOPEZ and ELPIDIA LOPEZ ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 09 A 01173 |
| ) | |
| HARRIS NA ) | |
|     Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default, the following Findings of Fact and Conclusions of Law are made and will be entered.

The Court has jurisdiction over this Adversary proceeding pursuant to 28 U.S.C. § 151 et. seq. and 28 U.S.C. § 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois. This is a core proceeding.

Debtors seek through their Chapter 13 Plan to value a lien under Rule 3012 Fed. R. Bankr. P. and eliminate the lien under 11 U.S.C. § 506. See also First Bank v. Van Wie, 2003 WL 1563959 (S.D. Ind.).

The Debtors' Chapter 13 case was filed on August 4, 2009. It has not been confirmed. Among Debtors' scheduled assets is the Debtors' residence, commonly known as 3421 South 53rd Court, Cicero, Illinois 60804. The appraised value of said real estate is $150,000 as demonstrated by the Uniform Residential Appraisal Report of record. Harris NA holds a second mortgage on the

subject premises. The lien of the first mortgage held by Chase Home Finance rests upon a debt due of $181,824, and the lien of second mortgage held by Harris NA rests upon a debt due of $33,200 at this time. Under §§ 506(a) and 506(d) of the Bankruptcy Code, Harris NA's second mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, and would be void to the extent it is not an allowed secured claim. The amount owed on the first mortgage, $181,824,100, exceeds the value of the real estate, $150,000. Therefore, Harris NA's second mortgage is wholly unsecured and may be stripped off.

The above-referenced Adversary proceeding was filed on November 12, 2009. The return date for the Summons was December 17, 2009. The Debtors served Harris NA, via first class U.S. mail at its address for notice in Rolling Meadows, Illinois, as set forth in two claims filed by the creditor in the underlying bankruptcy case. Harris NA has failed to Answer or otherwise plead in this case. An order of Default was entered.

WHEREFORE, for the foregoing reasons, a judgment by default will be entered in favor of the Plaintiffs and against the Defendant Harris NA stripping the Defendants' second mortgage on the Plaintiffs' residential real estate conditioned on Plan confirmation and completion, and Debtors' discharge.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 12th day of April 2010.

- 2 -